*16*

# UNITED STATES DISTRICT COURT
# DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

## CIVIL ACTION No. B-00-171
## (CRIMINAL No. B-98-466)

**JOHN EDWARD MORTIMER,**

                Plaintiff,

vs.


**UNITED STATES OF AMERICA,**

                Defendant.

_____/

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAY 15 2001
Michael N. Milby, Clerk


---

# MEMORANDANDUM OF LAW
# IN SUPPORT OF
# §2255 MOTION

---


**John Mortimer**
Pro Se
Prisoner No. 82407-079-D-2
FPC
P.O. Box 725
EDGEFIELD, SC 29824.

CItyPDF - www.fasiio.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

### CIVIL ACTION No. B-00-171
### (CRIMINAL No. B-98-466)

**JOHN EDWARD MORTIMER,**

                                  Plaintiff,

vs.

**UNITED STATES OF AMERICA,**

                                  Defendant.

                                         /

UNITED STAT╌ COU TS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 1 5 2001

Michael N. Milby, Clerk

### MEMORANDANDUM OF LAW
### IN SUPPORT OF
### §2255 MOTION

## FACTS

The defendant was convicted in the district court on a two count

indictment for conspiracy to possess and possession of marijuana in

violation of 21 U.S.C. 846, 841(a)(1) and (b)(1)(B) and 2.   He was

sentenced to 80 months and the conviction was affirmed on appeal.   He

did not seek certiorari in the U.S. Supreme Court but now seeks a writ of

Page 1 of 17

habeas corpus to vacate his conviction and sentence because the conviction was obtained in violation of the Fourth and Sixth Amendments.

The defendant's truck was hauling a white freighter at about 10:00 p.m. along a Texas highway when U.S. border patrol acting on information from U.S. customs stopped the vehicle at the Falfurrias checkpoint. (2R-123-24). From that checkpoint the border patrol agents check documents that people present and the citizenship status of persons passing through the checkpoint. (2R-123). The defendant who was the driver was asked by the agent if he was a citizen and he said that he was. (2R-123). The agent then requested a "closer look" to which the defendant consented whereupon the agent directed him to a "secondary" area. (2R-130). The agent then signaled other agents to come to his assistance by making a canine inspection of the vehicle which they did. (2R-133-35). The defendant and the passenger were placed in an interview room because it lessened the likelihood of their running away. (2R-146). The dog crawled up underneath the truck and laid down indicating there was something in the truck. (2R-147). The agents did not find anything and without any permission from the defendant they opened the fuel tank and conducted a search therein. (2R-149). One agent

placed his hand in one of `the fuel tanks in pursuance of the search. . (2R-151).   The agents then dismantled the tank and took from it a quantity of marijuana. (2R-155-58).    The defendant and the passenger were then formally arrested.

At the close of the government's case the defense counsel made a motion for a mistrial because one of the government's witnesses improperly testified to the defendant's previous arrest; the defense also made a motion pursuant to Rule 29 to acquit for insufficient evidence. The district court denied both motions.   (2R-293-94).

The defense then presented its case but failed to renew its motion after the close of its case and after the verdict.   The defendant remains incarcerated.

## **Jurisdiction**

A prisoner in federal custody under sentence of a district court may collaterally attack his detention where it is *inter alia* in violation of the constitution or laws of the United States.   28 U.S.C. 2255; Reed v. Farley, 512 U.S. 339, 114 S.Ct. 2291, 2299 n.12 (1994).

## Standard of Review

The appropriate "doctrine on which a federal court may rely in addressing the application for a writ [of habeas corpus]" is federal law as *determined by the Supreme Court of the United States.* Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.22d 389 (2000) approving Lind v. Murray, 96 F.3d 856, 869 (7th Cir. 1996) (reversed on other grounds). "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." *Id*.

## ARGUMENT

### I.   THE SENTENCE WAS IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS

By the Sixth Amendment to the United States Constitution a defendant is guaranteed a fair trial and he is denied of such protection when he is deprived of the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.22d 389, Fla. L. Weekly Fed. S225, S228 (April

18, 2000). The Supreme Court has defined the two components of such a claim as follows:

> First, the defendant must show that counsel's performance was deficient. This showing counsel made errors so serious that counsel was n to functioning as the 'counsel" guaranteed the defendant by the Sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland at 687 cited in Taylor supra at S230.

The Supreme Court has said that the Fifth and Sixth Amendments guarantees require that any fact other than a previous conviction which increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury and proven beyond a reasonable doubt. Jones v. United States, 526 U.S. 227, 143 L.Ed.2d 311, 119 S.Ct. 1215 n.6 (1999) reaffirmed in Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000) and Castillo v. United States, __ U.S. ___, 147 L.Ed.2d 94, 120 S.Ct. 2090 (2000). In Jones the Supreme Court in reversing the 9th Circuit reasoned that,

> Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury and proven by the Government beyond a reasonable

doubt.   See, *e.g.,* <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974); <u>United States v. Gaudin</u>, 515 U.S. 506, 509-10 (1995).

At S153.   There in interpreting a federal statute the prosecution sought to have the trial judge determine on a preponderance of the evidence the existence of an element of the offense.   The Supreme Court rejected the proposition and pointed to the constitutional problems that would arise if the judge was permitted to encroach on the traditional province of the jury and in so doing apply a lower standard of proof.   The Court reasoned that where a fact is an element of an offense except for recidivism then that fact must be included in the indictment and decided by the jury on the standard of proof by a reasonable doubt.

In the instant case because the quantity of marijuana is undoubtedly an element of the offense charged it was in violation of the rule in <u>Jones</u> to omit the quantity from the indictment because it is the quantity that determines the sentence and if that is taken away from the jury and the determination performed by the judge it is a usurpation of the jury's function and a defendant is sentenced in violation of the Fifth and Sixth Amendments.

Case 1:00-cv-00171   Document 16   Filed in TXSD on 05/15/2001   Page 8 of 18

The recent Supreme Court decision in <u>Glover v. United States</u>, ___ U.S. ___, 14 Fla. L. Weekly Fed. S41 (January 9, 2001) provides instruction in this regard.   There the Supreme Court reversed where the Seventh Circuit affirmed a district court's denial of a 2254 motion saying that a 6 to 21 months increase in sentence was not prejudice in accordance with the *Strickland* test.   The Court said the engrafting of the *Strickland* test was erroneous because "[O]ur jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.   Compare <u>Argersinger v. Hamlin</u>, 407 U.S. 25 (1972) (holding that the assistance of counsel must be provided when a defendant is tried for a crime that results in a sentence of imprisonment)."

The trilogy of Supreme Court decisions in <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 91 L.Ed.2d 67, 106 S.Ct. 2411 (1986), <u>United States v. Watts</u>, 519 U.S. 148, ___ n.2, 117 S.Ct. 633, ___ n.2, 136 L.Ed.2d 554, ___ n.2 (1997) and <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 119 S.Ct. 1219, ___ L.Ed.2d ___, (1998) as well as <u>Jones</u> itself together clearly indicate that the constitutional mandate is violated where a sentencing factor other than recidivism is applied to enhance a defendant's sentence without having been included in the indictment.   *E.g.,* in

CUtePDF - www.tevira.com

McMillan the Supreme Court cautioned that the preponderance standard [may not be applied to] sentencing enhancement [that is] "a tail that wags the dog of the substantive offense"); in Watts the Court pondered without deciding the proper standard for determining the existence of "relevant conduct" that would lead to an increase in sentence; Almendarez-Torres recognized the permissibility of using recidivism to enhance sentences and when the Court revisited the issue in Jones it concluded that, "It is therefore no trivial question to ask whether recognizing an unlimited legislative power to authorize determinations setting ultimate sentencing limits without a jury would invite erosion of the jury's function to a point against which a line must necessarily be drawn."   It was in those circumstances that the court decided that a fact which is used to enhance a sentence (other than recidivism) is an element of the offense and as such must be included in the indictment, pleaded to and decided by a jury on the standard of proof beyond a reasonable doubt and not by a judge using a lesser standard.

If this court had been properly briefed on those Supreme Court decisions the decision that this court reached on the Rule 29 motion would have reflected a proper understanding of the direction in which the

Page 8 of 17

Supreme Court leads but because of the ineffective assistance of counsel the court was not properly informed. It is respectfully submitted that the trial was in violation of the Fifth and Sixth Amendments.

Notwithstanding the foregoing defense counsel failed to object to the indictment and to seek a dismissal thereof or an amendment appropriate to secure that the jury decides the quantity of the marijuana thereby allowing the sentencing to proceed on an erroneous basis. The defendant relied upon the skill and training of defense counsel but this fell below the prevailing standard of reasonableness thereby denying the defendant of the effective assistance of counsel in violation of the Sixth Amendment. The defendant has a constitutionally protected right to have the jury determine the quantity of the marijuana for which the government sought a conviction and he was denied this right by the unprofessional conduct of his attorney with the result that the trial was fundamentally unfair and with the further consequence that but for those errors the jury would probably not have convicted.

Where a proceeding is fundamentally unfair or unreliable it is defective to focus any analysis only on the outcome without attention to the proceeding itself. *See* <u>Lockhart v. Fretwell</u>, *506 U.S. 364 (1993) where*

Page 9 of 17

the Supreme Court made the timely admonishment when ineffectiveness of counsel does deprive the defendant of "a substantive or procedural right to which the law entitles him." (Cited in <u>Wiliams</u> supra at ___).

The deprivation of the right to the effective assistance of counsel recognized in <u>Strickland [v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] is such an error [that it] warrants the issue of the writ.   At 407.   Further said the Court, "It is past question that the rule set forth in <u>Strickland</u> qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'"   At 416.   There the Court pointed out that, "[T]he <u>Strickland</u> test 'of necessity requires a case-by-case examination of the evidence'.   <u>Id</u>. citing <u>Wright v. West</u>, 505 U.S. 277, 308, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992).

It is respectfully submitted that a proper analysis of the instant case shows that the writ should issue because of the defective performance of counsel.

a.      **Defense Counsel Failed to Renew Motion for Acquittal**

The defense counsel failed to renew his Rule 29 motion to acquit after the presentation of the defense case and well as after the return of the

**Page 10 of 17**

verdict and thereby waived the defendant's right to object to the earlier

denial of the motion to acquit.   This is a procedural right to which the law

entitles the defendant and such waiver was done without the defendant's

knowledge or consent as the defendant relied upon the skill and training of

the counsel but his performance fell far below the standard of

reasonableness as set out in <u>Strickland</u>.   The appellate court made much of

defense counsel's shortcoming in this regard citing the consequential

application of a more stringent standard of review in the circumstances.

<u>United States v. Mortimer</u>, Case No. 99-40257 (5th Cir. 2000).   There the

court said,

> Although Mortimer moved for a judgment of acquittal after
> the Government rested its case, he failed to renew the motion
> after he presented his case and the evidence was closed.   He
> also did not renew his motion after the jury returned its
> verdict, as authorized by Rule 29(c).   "Where a defendant
> fails to renew his [Rule 29] motion at the close of all the
> evidence, after defense evidence has been presented, he
> waives his objection to the earlier denial of his motion."
> <u>United States v. Daniel</u>, 957 F.2d 162, 164 (5th Cir. 1992).
> Accordingly, Mortimer has **waived his right to complain of
> the denial of his Rule 29 motion.**

At 2 (Emphasis added).   Additionally the court noted that because of that

waiver the court reviewed his 'sufficiency-of-evidence' claim under the

plain error standard applying a more stringent standard.   <u>Id</u>. at 3 citing

Page 11 of 17

United States v. Parker, 133 F.3d 322, 328 (5th Cir.) cert. denied 118

S.Ct. 1851 (1988).

The waiver was entirely due to the unprofessional conduct of defense

counsel which deprived the defendant of his substantive and procedural

right of having the less stringent standard applied in assessing his Rule 29

motion.

**b.    Defense Counsel Failed to Seek Suppression of the Unlawfully Seized Marijuana**

The Fourth Amendment protects persons from unreasonable searches

and seizures.   Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391 (1979);

Bond v. United States, 529 U.S. 334, 146 L.Ed. 2d 365, 120 S.Ct. 1462,

14 Fla. L. Weekly Fed. S327 (April 17, 2000).   The Court reaffirmed

that,

> Our Fourth Amendment analysis embraces two questions:
> First, we ask whether the individual, by his conduct, has
> exhibited an actual expectation of privacy; that is, whether he
> has shown that "he [sought] to preserve [something] as
> private."  Smith v. Maryland, 442 U.S. 735, 740 (1979)
> (internal quotation marks omitted). . . Second, we inquire
> whether the individual's expectation of privacy is "one that
> society is prepared to recognize as reasonable."   Ibid.
> (internal quotation marks omitted).

*Id*. at S248.   The Court went on to state that the subjective intent of the

government agent plays no part in determining whether the Fourth

Amendment is violated.   *Id*. at n. 2 citing <u>Whren v. United States</u>, 517

U.S. 806, 813 (1996) (stating that "we have been unwilling to entertain

Fourth Amendment challenges based on the actual motivations of

individual officers"); and <u>California v. Ciraolo</u>, 476 U.S. 207, 212 (1986)

(rejecting respondent's challenge to "the authority of the government to

observe activity from any vantage point or place if the viewing is

motivated by a law enforcement purpose, and not the result of a casual,

accidental observation").

    This constitution protection however was stripped from the

defendant in the instant case because his attorney failed to raise the issue

by motion to suppress and to demonstrate to the court that the seizure of

the marijuana was the fruit of the poisonous tree of an unlawful seizure of

the defendant and his vehicle and the further unlawful search of the

vehicle.   The defendant did not permit the agents to search his vehicle but

merely to have a closer look:

> The agent then requested a "closer look" to which the
> defendant consented whereupon the agent directed him to a
> "secondary" area.   (2R-130).   The agent then signaled other
> agents to come to his assistance by making a canine inspection

of the vehicle which they did. (2R-133-35).   The defendant
and the passenger were placed in an interview room because it
lessened the likelihood of their running away. (2R-146).   The
dog crawled up underneath the truck and laid down indicating
there was something in the truck.  (2R-147).   The agents did
not find anything and without any permission from the
defendant they opened the fuel tank and conducted a search
therein. (2R-149).  One agent placed his hand in one of `the
fuel tanks in pursuance of the search. . (2R-151).   The agents
then dismantled the tank and took from it a quantity of
marijuana. (2R-155-58).    The defendant and the passenger
were then formally arrested.

Because of the ineffective assistance of counsel this was not

presented to the court nor was it argued on appeal with the result that the

defendant was prejudiced by an unfair trial and sentencing.

### c.    Defense Counsel Failed to Seek Suppression because of the Unlawfully Arrest of Defendant

In <u>Whren</u> supra the Supreme Court observed that,

> The Fourth Amendment guarantees "[t]he right of the people
> to be secure in their persons, houses, papers, and effects,
> against unreasonable searches and seizures."   Temporary
> detention of individuals during the stop of an automobile by
> the police, even if only for a brief period and for a limited
> purpose, constitute a "seizure" of "persons" within the
> meaning of this provision.   An automobile stop is this subject
> to the constitutional imperative that it not be "unreasonable"
> under the circumstances.   As a general matter, the decision to
> stop an automobile is reasonable where the police have
> **probable cause to believe that a traffic violation has
> occurred.**

Page 14 of 17

At 1772 (internal citations omitted) (emphasis added).

In the instant case the agents had no probable cause to believe that the defendant had committed an traffic violation and the evidence disclose that the agent had predetermined that they were going to stop him anyway even thought he committed no traffic violation for the sole purpose of searching his vehicle for contraband.   This is a glaring constitutional violation as the Justice Brennan in his concurring opinion (in which Justice Marshall joined) observed in <u>Florida v. Wells</u>, 495 U.S. 1, 109 L.Ed.2d 1, 110 S.Ct. 1632, 1638 (1990).   There he said, "Opening a closed container constitutes a great intrusion into the privacy of its owner even when the container is found in an automobile."   Even for an inventory search it is not permissible.   <u>Id</u>.   On the government's own theory it was the find that justified the arrest but the fact is that the agent had already seized the defendant illegally.

Defense counsel failed to bring this to the court and to argue the unlawfulness of the search and so this constitutional protection was denied the defendant because of the ineffective assistance of counsel and prejudiced the defendant by subjecting him to an unfair trial.

**d.    Cumulative Errors of Defense Counsel Operated to Deny the Defendant of Effective Assistance**

---

The performance of defense counsel was so far below a reasonable standard as set out above that the cumulative effect of his errors operated to deny the defendant a fair trial in violation of the constitutional guarantees of the Fifth and Sixth Amendments.  *See e.g.,* United States v. Riddle, 193 F.3d 995 (8th Cir. (Ark.) 1999); Fuller v. Roe, 182 F. 699 (9th Cir. (Cal.) (1999); United States v. Pearson, 746 F.2d 787 (11th Cir. 1984).

**Page 16 of 17**

# CONCLUSION

For all the foregoing reason the judgment should be vacated and the

sentence set aside or the court make such other and or further order as is

just and reasonable in all the circumstances.

Respectfully submitted,

**John Mortimer**
Pro Se
Prisoner No. 82407-079-D-2
FPC
P.O. Box 725
EDGEFIELD, SC 29824.

# CERTIFCATE FOR SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent by U.S.

mail to AUSA James Turner, U.S. Attorney's Office, P.O. Box 61129,

Houston, TX 77208 by delivery of the same to prison official

_____ on April ____, 2001.

**John Mortimer**