

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
AUG 2 1 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOHN E. MORTIMER,  Plaintiff-Petitioner, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-171 |
| UNITED STATES OF AMERICA,  Defendant-Respondent. | § § § | CRIMINAL NO. B-98-466 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

John E. Mortimer ("Mortimer") has filed a Motion pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking to have his conviction for drug offenses set aside. The government has filed a Response (Docket No. 17) which incorporates a Motion to Dismiss. For the reasons set forth below, the government's Motion to Dismiss should be granted.

## BACKGROUND

Following a jury trial in November 1998, Mortimer was convicted of conspiring to possess with intent to distribute more than 100 kilograms of marihuana and possessing with intent to distribute more than 100 kilograms of marihuana. By judgment signed February 18, 1999, (Docket No. 54 in Cr. No. B-98-466) Mortimer was sentenced to 80 months confinement on each of the two counts. His sentences were to be served concurrently.

Mortimer's conviction was affirmed by the Fifth Circuit Court of Appeals in an unpublished opinion filed on January 4, 2000. (A copy of this opinion is attached as an exhibit to the Government's Response.)

The Fifth Circuit in its opinion sets out the facts of Mortimer's case. In brief, Mortimer, a truck driver, was stopped by the United States Border Patrol at a checkpoint located near Falfurrias,

Texas. Two hundred sixty-nine (269) pounds of marihuana were found in a secret compartment in the fuel tank of Mortimer's truck.

## THE § 2255 MOTION

Mortimer's habeas petition claims that he is entitled to relief because his trial counsel was ineffective in the following particulars:

1. Failing to obtain an instruction under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000);

2. Failing to renew a Motion for Judgment of acquittal;

3. Failing to move to suppress the marihuana.

## RECOMMENDATION

THE *APPRENDI* ARGUMENT

*Apprendi* stands for the proposition that the government must plead and prove any element of an offense that would increase the penalty beyond the statutory maximum. *See Apprendi*, 120 S. Ct. at 2362-2363.

Mortimer's *Apprendi* argument fails for two reasons. The first is that *Apprendi* was decided in 2000. Mortimer was convicted in 1998. The Fifth Circuit in *In re Tatum*, 233 F.3d 857 (5th Cir. 2000) indicated that *Apprendi* was not to be applied retroactively. Tatum was seeking leave to file a successive 28 U.S.C. § 2255 motion on *Apprendi* grounds. His conviction and prior § 2255 Motion preceded *Apprendi*. The Fifth Circuit in denying his motion stated at p. 859:

> "Neither has the Court expressly stated that the holdings in any of those cases are to be applied retroactively to cases on collateral review. Tatum has not identified any Supreme Court opinion that makes those cases apply retroactively on collateral review and we have failed to find any on our own."

2

The second reason that Mortimer's *Apprendi* argument fails is that it has no merit. The Fifth Circuit has held that *Apprendi* stands for the proposition that if the drug quantity in a case is used to increase a sentence beyond the statutory maximum it must be alleged in the indictment and proved beyond a reasonable doubt. *United States v. Doggett*, 230 F.3d. 160, 164-165 (5th Cir. 2000). However, a fact used in sentencing that does not increase the sentence beyond the statutory maximum does not have to be alleged or proved. *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000).

Mortimer's two count indictment charged him with conspiracy to possess with intent to distribute a quantity exceeding 100 kilograms of marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and with possession with intent to distribute a quantity exceeding 100 kilograms of marihuana (269 pounds) gross weight in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. (The indictment is Docket No. 1 in Cr. No. B-98-466.) The statutory punishment range for these offenses is not less than five years or more than forty years. 21 U.S.C. § 841(B)(vii).

Mortimer's sentence was eighty months on both counts to be served concurrently. In other words his sentence was well within the statutory range. Under the holding in *Keith*, he has no *Apprendi* claim.

FAILURE TO RENEW A MOTION FOR JUDGMENT OF ACQUITTAL

Mortimer's complaint with respect to his attorney's failure to renew his motion for acquittal fares no better than his *Apprendi* claim.

Counsel's performance is measured by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The test set forth in *Strickland* is first whether or not the attorney's performance deviated from an objective standard of reasonableness and second whether ineffective performance by counsel prejudiced the petitioner.

3

Even if it is granted that Mortimer's lawyer's failure to renew his motion for acquittal fell below an objective standard of reasonableness, Mortimer has failed to demonstrate prejudice. As the Fifth Circuit pointed out in its opinion in Mortimer's appeal, "In light of the trial evidence, the affirmance of Mortimer's conviction does not constitute a miscarriage of justice (and, indeed, appears amply sufficient under any standard)." *United States v. Mortimer*, Slip Opinion No. 99-40257 (5th Cir. January 4, 2000).

FAILURE TO FILE A MOTION TO SUPPRESS

Mortimer also argues that his trial attorney was ineffective for failing to file a motion to suppress the marihuana.

The marihuana was discovered at a Border Patrol checkpoint near Falfurrias, Texas, when a drug detecting dog alerted to the presence of drugs. That is sufficient probable cause to justify a search. *United States v. Dovali-Avila*, 895 F.2d 206, 207 (5th Cir. 1990). Counsel is not required to file a futile suppression motion. *United States v. Chavez-Valencia*, 116 F.3d 127, 134 (5th Cir. 1997).

None of Mortimer's claims has merit.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that John E. Mortimer's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided

4

that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of August, 2001.

_____
John Wm. Black
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN E. MORTIMER, | § | |
|     Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-171 |
| VS. | § | |
| | § | CRIMINAL NO. B-98-466 |
| UNITED STATES OF AMERICA, | § | |
|     Defendant-Respondent. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PETITION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a *de novo* review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of August 20, 2001, should be adopted and the petition be dismissed.

DONE in Brownsville, Texas, on this _____ day of _____, 2001.

_____
Hilda G. Tagle
United States District Judge