**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**OCT 2 4 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

JOHN E. MORTIMER,    §
Petitioner,    §
    §
v.    §    CIVIL ACTION NO. B-00-171
    §
UNITED STATES OF AMERICA,    §
Respondent.    §

## ORDER

Before the Court is Petitioner John E. Mortimer's "Notice of Appeal" [Dkt. No. 23]. The Court will construe Petitioner's Notice as an Application for a Certificate of Appealability. Petitioner's Application for a Certificate of Appealability is **DENIED**.

## I.    BACKGROUND

After a jury trial, Petitioner was convicted of possession with the intent to distribute and conspiracy to posses with the intent to distribute more than 100 kilograms of marijuana. Petitioner's conviction was affirmed by the Fifth Circuit Court of Appeals in an unpublished opinion on January 4, 2000. On October 30, 2001, Petitioner filed a 28 U.S.C. § 2255 Application claiming his conviction was obtained (1) pursuant to an unlawful search, (2) by use of evidence obtained pursuant to an unlawful search, and (3) by the denial of effective assistance of counsel. On September 12, 2001, this Court signed an order adopting the Magistrate Judge's Report and Recommendation that the Court deny Petitioner's writ. Petitioner now applies for a Certificate of Appealability ("CoA") to the Fifth Circuit Court of Appeals.

## II.    ANALYSIS

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a "certificate of probable cause" ("CPC") was a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief. Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2255, a petitioner

1

must obtain a CoA[1] and appellate review of a habeas petition is limited to the issues on which a CoA is granted.[2]  A CoA is granted or denied on an issue-by-issue basis thereby limiting appellate review to those issues on which CoA is granted alone.[3]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[4]  To make such a showing, the petitioner need not show that he should prevail on the merits; rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[5]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim.  If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be

---

[1] See 28 U.S.C. § 2253(c)(1)(B) (2002); see also Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC)..

[2] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[3] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[4] See Slack v. McDaniel, 529 U.S. 473, 483 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[5] See Slack v. McDaniel, 529 U.S. at 484; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Alexander v. Johnson, 211 F.3d at 896; Miller v. Johnson, 200 F.3d at 280; Hicks v. Johnson, 186 F.3d at 636.

debatable or wrong.[6] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[7]

　　　　Petitioner makes no valid claims that detail a denial of a constitutional right. Further, Petitioner can not show that the issues are debatable amongst reasonable jurists. He also cannot prove that another court would have resolved any of the issues he raised in his § 2255 petition differently.

## III.　　CONCLUSION

　　　　For the reasons set forth above, Petitioner's Application for a Certificate of Appealability is **DENIED**.

　　　　DONE at Brownsville, Texas this *24* day of *October* 2002.


Hilda G. Tagle
United States District Judge

---

[6] See <u>Slack v. McDaniel</u>, 529 U.S. at 484; <u>Rudd v. Johnson</u>, 256 F.3d at 319.

[7] <u>Slack v. McDaniel</u>, 529 U.S. at 484.