30

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**NOV 2 5** 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| John E. Mortimer, | ) | Civil Action No.: B-00-171 |
| Petitioner | ) | B-98-466 |
| | ) | Motion to Discharge Term |
| | ) | of Imprisonment |
| v. | ) | Pursuant to USSG 5G1.3 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| RESPONDENT | ) | |
| | ) | |

COMES NOW, John E. Mortimer, petitioner in the above case number to move this honorable court for a Motion to Discharge Terms of Imprisonment pursuant to USSG 5G1.3, petitioner shows the following:

Petitioner was convicted of a state offense in Florida in November 19, 1992 and discharged on March 18, 1994. Fifty-one months later petitioner was sentenced on a federal conviction for drugs violations. In calculating petitioner's release date the BOP refuse to grant petitioner credit for the 17 months served on the state sentence prior to petitioner's sentencing in federal court.

An amendment to the commentary to USSG 5G1.3 permits a downward departure for a defendant who has already served a sentance of imprisonment resulting from one or more offenses that, in the words of USSG 5G1.3(b), "have been fully taken into account in thedetermination of the offense level for the instant offense.

When such a sentence has not been discharged, Section 5G1.3 (b) instructs that the sentence for the instant offense is to run

1

concurrently with the undischarged term. The amendment allowa a departure for a defendant who has already served his prior sentence and whose new sentence is thus effectively consecutive. The amendment instructs that the departure in such a case "should be fashioned to achieve a reasonable punishment for the instant offense".

The U.S. Bureau of Prisons' pointed out that the commentary to subsection (b) - Application Note 2-makes clear that sub-section (b)'s requirement that sentence for related offeses are to run concurrently means that a defendant is to be given credit for time already served on the earlier sentence.

WHWREFORE, Petitioner prays that this honorable court will consider petitioner's request and grant petitionet time served and RELEASE petitioner from incarceration as soon as possible.

Dated: _11-19-2002_ ,

Respectfully submitted,

_John E. Mortimer_ ,
John E. Mortimer
Reg. # 82407-079
Federal Prison Camp
P.O. Box 725
Edgefield, SC 29824

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

John E. Mortimer,                  )          Civil Action No.: B-00-171
Petitioner                         )
                                   )          Motion To Dismiss Term
                                   )          of Imprisonment
v.                                 )          Pursuant to USSG 5G1.3
                                   )
                                   )
UNITED STATES OF AMERICA           )
RESPONDENT                         )
                                   )

CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of
petitioner's Motion to Dismiss Term of Imprisonment pursuant to
USSG 5G1.3 has been mail  to the attorney of records for the
respondent by first class U.S. Mail to the following address:

Assistant U.S. Attorney
James Turner
P.O. Box 61129
Houston, Tx 77208


Date: _11-19-2002___,


Respectfully,


_____,
John E. Mortimer
Reg. # 82407-079
Federal Prison Camp
P.O. Box 725
Edgefield, SC 29824