IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-98-466 |
| | § | |
| JOHN EDWARD MORTIMER, | § | |
| Petitioner. | § | |
| (C.A. NO. B-00-171) | § | |

RESPONSE TO MOTION TO DISCHARGE TERM OF IMPRISONMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The UNITED STATES OF AMERICA ("the government") files this response to John Edward Mortimer's ("Mortimer's") Motion To Discharge Term of Imprisonment. In support thereof, the government would show the court the following:

I.

JURISDICTION

John Edward Mortimer suggests that this court has jurisdiction to reduce his sentence under the authority of an amendment to USSG § 5G1.3's commentary, to wit, Amendment 645 which became effective on November 1, 2002. Mortimer's sentence was imposed on February 18, 1999: he was remanded into the custody of the Bureau of Prisons to serve concurrent 80-month terms of imprisonment (DOC 50). He was denied relief on direct appeal (DOC 62, 63) and his motion for relief under 28 U.S.C. § 2255 was likewise denied (DOC 75, 83). The instant motion is grounded on the proposition that Amendment 645 should be given retroactive effect, hence jurisdiction necessarily lies under 18 U.S.C. § 3582(c)(2). Aside from the fact that Mortimer is not entitled to the relief prescribed by Amendment 645, it is not retroactive and this court should enter an order

dismissing this motion for want of jurisdiction.

## II.

## MOTION TO DISMISS AND AUTHORITIES

Section 3582(c)(2) permits the district court to modify a term of imprisonment once it has been imposed if the term of imprisonment is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement germane to motions to modify sentences under § 3582 is USSG § 1B1.10. If the applicable guideline range has been lowered by an amendment to the Sentencing Guidelines that is listed in subsection (c) of § 1B1.10, a reduction is authorized. "If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with the policy statement and thus is not authorized." USSG § 1B1.10(a) (2001).

The amendment invoked by Mortimer is Amendment 645. Amendment 645 provides in part:

The Commentary to § 5G1.3 captioned "Application Notes" is amended by adding at the end the following:

> "7.   Downward Departure Provision - In the case of a discharged term of imprisonment, a downward departure is not prohibited if subsection (b) would have applied to that term of imprisonment had that term been undischarged. Any such departure should be fashioned to achieve a reasonable punishment for the latest offense.

USSG App C, Amendment 645. Subsection (b) of § 5G1.3 allows the district court to run a term of imprisonment concurrently to an undischarged term of imprisonment if "the undischarged term of imprisonment resulted from offenses that have been fully taken into account in the determination of the offense level for the instant offense..." USSG § 5G1.3(b). Mortimer suggests that he is entitled to credit for time served on an ostensibly unrelated Florida state sentence. As noted above, it is doubtful that § 5G1.3(b) could even applied to Mortimer's sentence. However, and more importantly, Amendment 645 is not to be applied retroactively. Amendment 645 is not listed under 1B1.10(c) and thus, is not to be given retroactive effect. Consequently, Mortimer is not entitled to a sentencing adjustment under 18 U.S.C. § 3582(c). The Fifth Circuit has held that "§ 3582 applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement." *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996)(quoting *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997); *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). This court should enter an order dismissing Mortimer's motion for relief under 18 U.S.C. § 3582.

The government prays that this court enter an order dismissing Mortimer's motion to discharge his term of imprisonment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney
Attorney for respondent
P.O. Box 61129
Houston, Texas 77208
State bar No. 20316950
Fed.Id.No. 1406
(713) 567-9102

CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a copy of the foregoing Response to Motion to Discharge Term of Imprisonment has been mailed on this the 5 day of February, 2003, via certified mail, return receipt requested to

Mr. John Edward Mortimer
Reg No. 98176-079
Federal Prison Camp
P.O. Box 725
Edgefield, S.C. 29824

_____
JAMES L. TURNER
Assistant United States Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-98-466 |
| | § | |
| JOHN EDWARD MORTIMER. | § | |

## ORDER

It is hereby ORDERED that John Edward Mortimer's Motion to Discharge Term of Imprisonment is DENIED.

SIGNED this _____ day of _____ 2003.

_____
UNITED STATES DISTRICT JUDGE