IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

FEB 2 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOHN EDWARD MORTIMER,<br>Plaintiff-Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-00-171 |
| | §<br>§ | CRIMINAL NO. B-98-466 |
| UNITED STATES OF AMERICA,<br>Defendant-Respondent. | §<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

John Edward Mortimer ("Mortimer") has filed a *pro se* Motion to Discharge Term of Imprisonment pursuant to USSG § 5G1.3 (Docket No 30). The government has filed a response to Mortimer's Motion (Docket No. 33).

For the reasons set forth below, it is recommended that Mortimer's Motion be denied.

## BACKGROUND

On March 1, 1999, Mortimer, who had been found guilty by a jury of drug offenses, was sentenced to eighty months confinement in CR. No. B-98-466. (Docket No. 54 in CR. No. B-98-466). His conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on January 4, 2000.

Mortimer then filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 in cause number B-00-171. This petition was dismissed on September 12, 2001. (Docket No. 20 in CV. No. B-00-171). There is an appeal from that dismissal pending.

## THE MOTION TO DISCHARGE TERM OF IMPRISONMENT

Mortimer now argues that USSG § 5G1.3(b) requires that his term of imprisonment be discharged because he should be given credit for time he served on an unrelated Florida drug offense.

Mortimer's reasoning is that § 5G1.3(b) states that an undischarged sentence should be served concurrently with the sentence for the instant offense; that Amendment 645 applies § 5G1.3(b) to discharged sentences, therefore his Florida state sentence should be credited against his federal sentence.

## RECOMMENDATION

Mortimer's argument is, as the government points out in its response, flawed.

Implicit in Mortimer's argument is that Amendment 645 to the Sentencing Guidelines which became effective on November 1, 2002, is retroactive. Amendment 645 permits a downward departure for a discharged term of imprisonment if § 5G1.3 would have allowed a downward departure for an undischarged term.

Amendment 645 is not retroactive, since it is not included in the list of retroactive amendments contained in USSG § 1B1.10.

It is interesting to note that Amendment 645, even if it were to be applied retroactively, provides no comfort for Mortimer. The amendment states that in the event of a discharged term of imprisonment a downward departure is not prohibited. The amendment does not state that a downward departure is mandated.

IT IS RECOMMENDED that John Edward Mortimer's Motion to Discharge Term of Imprisonment be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of February, 2003.

                                        John Wm. Black
                                    United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN EDWARD MORTIMER,<br>Plaintiff-Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-00-171 |
| | §<br>§ | CRIMINAL NO. B-98-466 |
| UNITED STATES OF AMERICA,<br>Defendant-Respondent. | §<br>§ | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a *de novo* review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of February 20, 2003, should be adopted and the Motion to Discharge Term of Imprisonment be denied.

IT IS THEREFORE **ORDERED** that the Report and Recommendation is hereby **ADOPTED**, and Petitioner's Motion to Discharge Term of Imprisonment be **DENIED**.

DONE in Brownsville, Texas, on this _____ day of _____, 20___.

_____
Hilda G. Tagle
United States District Judge