36

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-40892
USDC Nos. B-00-CV-171
B-98-CR-466-ALL

---

U. S. COURT OF APPEALS
**FILED**

FEB 25 2003

CHARLES R. FULBRUGE III
— CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN EDWARD MORTIMER,

Defendant-Appellant.

United States District Court
Southern District of Texas
FILED

FEB 2 7 2003

Michael N. Milby
Clerk of Court

--------------------

Appeal from the United States District Court
for the Southern District of Texas

--------------------

O R D E R:

    John Edward Mortimer, federal prisoner #82407-079, has filed

a motion for a certificate of appealability (COA) to appeal the

district court's denial of his 28 U.S.C. § 2255 motion, which

challenged his convictions for conspiracy to possess with intent

to distribute marijuana and possession with intent to distribute

marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and

846. To obtain a COA, Mortimer must make a substantial showing

of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

    Mortimer argues that his counsel was ineffective for failing

to renew his FED. R. CIV. P. 29 motion and for failing to raise an

objection under Apprendi v. New Jersey, 530 U.S. 466 (2000), to

O R D E R
No. 02-40892
-2-

the indictment.  His argument that the evidence was insufficient
to support his conspiracy conviction, raised for the first time
before this court, will not be considered.  Whitehead v. Johnson,
157 F.3d 384, 387-88 (5th Cir. 1998).  His claim that counsel was
ineffective for failing to file a motion to suppress has been
abandoned.  Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

To prevail on an ineffective-assistance claim, Mortimer must
show that his counsel's performance was deficient and that he was
prejudiced by that deficient performance.  Strickland v.
Washington, 466 U.S. 668, 687 (1984).  Mortimer cannot show
prejudice from counsel's failure to renew the motion for judgment
of acquittal because this court concluded on direct appeal that
there was enough evidence, under any standard of review, to
support Mortimer's convictions.  See Lockhart v. Fretwell, 506
U.S. 364, 372 (1993); United States v. Willis, 38 F.3d 170, 178
n.10 (5th Cir. 1994).  Mortimer's Apprendi argument has no merit.
See United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002);
United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000).

As Mortimer has failed to show that his counsel's assistance
was ineffective, his COA motion is DENIED.

W. EUGENE DAVIS
UNITED STATES CIRCUIT JUDGE

Clerk, U.S. Court of Appeals, Fifth Circuit

By

Deputy

New Orleans, Louisiana   2/26/03

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

February 25, 2003

Mr Michael N Milby, Clerk
Southern District of Texas, Brownsville
United States District Court
Room 1158
600 E Harrison Street
Brownsville, TX 78520

United States District Court
Southern District of Texas
RECEIVED

FEB 2 7 2003

Michael N. Milby, Clerk

No. 02-40892 USA v. Mortimer
USDC No. B-00-CV-171
B-98-CR-466-ALL

Enclosed is a certified copy of the judgment issued as the mandate.

Record/original papers/exhibits are returned:

( X ) 7 Volumes    ( X ) 1 Envelope    ( X ) 1 SEALED Env - PSI

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
Tabitha Casimier Tobias, Deputy Clerk
504-310-7680

Mr John Edward Mortimer
Mr James Lee Turner

MDT-1